ROGERS, J.,
dissenting.
Because Markesbery had probable cause to arrest Haley, I would reverse the district court’s denial of summary judgment on the unlawful arrest claim.
Markesbery is entitled to qualified immunity from Haley’s wrongful arrest claim because the circumstances as recounted by Haley warrant a prudent officer’s believing that Haley was committing the offense of public intoxication in violation of Ky. Rev. St. § 222.202(1). See Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) (standard for determining whether probable cause existed to justify arrest). Markesbery found Haley on all fours in the parking lot of a bar, circumstances that would lead most observers to conclude that Haley was severely intoxicated. Further, Haley had a cup of alcohol beside him on the ground. While the cup held only a single shot that Haley had not even sipped, that would not have been obvious to Mark-esbery, because the container was large enough to contain considerably more than a single shot.
The district court found that a factual question existed with regard to probable cause based largely on the deposition testimony of Haley’s friend, Angela Ellis, who was nearby at the time of arrest, that she did not believe Haley had been under the influence of drugs or alcohol or had behaved belligerently. R.58 at 18. However, Angela Ellis’s testimony is not sufficient to call Markesbery’s probable cause determination into question for several reasons. Indeed, her testimony supports a finding that Markesbery had probable cause to believe that Haley was intoxicated. First, Ellis testified that she had only just parked beside Haley when the officers arrived and that she was unable to hear much of the subsequent exchange between Markesbery and Haley because she was talking casually with Officer Robinson. R.58 at 15. Further, she explained that her belief that Haley was not under the influence of drugs was based not on his *630 behavior at the time of arrest, but on the fact that he had a good job at which he was subject to random drug tests. R.58 at 18-19, 46. To the extent such information is at all useful for determining whether someone is intoxicated, it certainly was not available to Officer Markesbery.
Rather than undermining Markesbery’s reasonable belief that Haley was intoxicated, Ellis’s testimony actually confirms the aspects of the incident that support a finding of probable cause. She stated that Haley was crouched beside his car and had told her that he was trying to make himself sick. R.58 at 15. She also stated that she thought she and Haley might leave the bar because of Haley’s sickness, suggesting that he appeared quite unwell. R.58 at 16. Whether or not Ellis believed Haley’s sickness was caused by alcohol, she (like Haley) described the scene in a way that would support an officer’s conclusion that Haley was intoxicated.
In addition, as the majority recognizes, “a reasonable officer might have concluded that, had Haley been manifestly under the influence, he could have posed a danger to himself or others because he was in the parking lot, perhaps intending to get in his car.” Therefore, because Markesbery’s belief that Haley was intoxicated was reasonable, as was his assumption that Haley could have posed a danger to himself or others, Markesbery’s arrest of Haley was not unlawful under Ky. Rev. St. § 222.202(1).
Even if there were a genuine issue of material fact as to whether Markesbery committed a constitutional violation, Markesbery is still entitled to qualified immunity because the right was not “clearly established” at the time of his alleged violation. Just because the “federal right to be subject only to arrest upon probable cause [is] clearly established,” Everson v. Leis, 556 F.3d 484, 500 (6th Cir.2009), does not mean that the “clearly established” prong of the qualified immunity test has been met in the context of a particular state statute. Id. As the Supreme Court said in Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), “[i]t simply does not follow immediately from the conclusion that it was firmly established that warrantless searches not supported by probable cause and exigent circumstances violate the Fourth Amendment that Anderson’s search was objectively legally unreasonable.” Under the test set forth by the Supreme Court in Anderson, id. at 640, 107 S.Ct. 3034, we are required to “further particulariz[e] the contours of the Fourth Amendment.” Crockett v. Cumberland College, 316 F.3d 571, 584 (6th Cir.2003). To find that a right is “clearly established,” “the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.” Leonard v. Robinson, 477 F.3d 347, 355 (6th Cir.2007). In the “light of pre-existing law[,] the unlawfulness must be apparent.” Anderson, 483 U.S. at 640, 107 S.Ct. 3034. Therefore, the “relevant question” in this case is whether a “reasonable officer could have believed” that probable cause existed to arrest Haley for the offense of public intoxication. Id. at 641, 107 S.Ct. 3034. In this instance, it cannot be said that it was apparent to Markesbery that it was unlawful to arrest Haley. A reasonable officer could have believed that Markes-bery’s arrest of Haley was lawful, because precedent from the Supreme Court and our court has not clearly established that showing signs of drunkenness outside a bar, with a nearby open container of liquor, is not sufficient for probable cause that there has been a violation of Kentucky’s public intoxication statute.